United States District Court
Southern District of Texas
**ENTERED**
May 05, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| HOLIDAY INN CLUB VACATIONS INC., | § § § | |
| Plaintiff. | § § | CIVIL ACTION NO. 3:20-cv-00318 |
| V. | § § | |
| T & G CORP., *et al.*, | § § | |
| Defendants. | § | |

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

Galveston, we have a jurisdictional problem.

Believe me, I am well aware that the parties have spent considerable time and effort on this case. It has been on file for roughly two-and-a-half years. During that time, the parties have conducted discovery, hired experts, and submitted substantial summary judgment briefing. A trial date is right around the corner.

All that said, it is black letter law that "[f]ederal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

As every first-year law student quickly discovers, there are two main types of federal subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. Under federal question jurisdiction, a district court can hear and decide any civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction allows district courts to

entertain cases between citizens of different states where the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1), (b).

This case is a dispute concerning the construction of a hotel in Galveston, Texas. The Plaintiff, Holiday Inn Club Vacations Incorporated ("HICV"), filed suit against Defendants T & G Corporation ("T&G") and ACI Architectural Concepts, Inc. ("ACI"). The Original Complaint asserts that "[j]urisdiction is based on diversity of citizenship of the parties." Dkt. 1 at 2. The lawsuit further alleges that "HICV, T & G, and ACI are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs." *Id.*

The diversity statute requires "complete diversity" of citizenship, meaning that "a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants." *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). A corporation is a citizen of the state in which it is incorporated *and* the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). To determine whether diversity jurisdiction is proper, I must determine both the states of incorporation and the principal places of business for HICV, T&G, and ACI.[1]

The Original Complaint indicates that HICV is incorporated in Delaware, T&G is incorporated in Florida, and ACI is incorporated in California. *See* Dkt. 1 at 1–2. What is missing from the Original Complaint is any indication of where each entity has its principal place of business. At the start of last week's summary judgment hearing, I told the parties that I need that information to ensure that I possess jurisdiction to hear this case. T&G's counsel informed me that T&G has its principal place of business in Florida. ACI's counsel noted that ACI has its principal place of business in California. To their credit, HICV's lawyers said that they were

---

[1] Although there are a number of third-party defendants in this case, their citizenship is irrelevant for jurisdictional purposes. *See Velazquez v. De La Rose Martinez*, No. 21-40282, 2021 WL 6140246, at *1 (5th Cir. 2021) ("[C]omplete diversity need not exist between a third-party claimant and a third-party defendant, so long as the district court has subject-matter jurisdiction over the underlying suit.").

not certain of their client's principal place of business and promised to follow up with the answer. HICV has now provided the Court with a letter, stating that HICV's principal place of business is in Florida. *See* Dkt. 166.

With this information in hand, I can now determine whether complete diversity exists. Let's start with the Plaintiff. Because HICV is incorporated in Delaware and has its principal place of business in Florida, HICV is considered a citizen of both Delaware and Florida for diversity purposes. On the defense side, ACI is considered a California citizen because it is both incorporated in and has its principal place of business in The Golden State. That leaves us with T&G. Because T&G is incorporated in Florida and has its principal place of business in Florida, T&G is considered a Florida citizen.

For a district court to possess diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side" at the time the complaint was filed. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quotation omitted). On the Plaintiff's side, we have a citizen of Delaware and Florida. On the defense side, we have citizens of California and Florida. Clearly, complete diversity is lacking. My hands are tied. This case is dismissed without prejudice because I do not have subject matter jurisdiction over this controversy.

SIGNED this 5th day of May 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE